IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| GUMMARUS, LLC,<br><br>        Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>        Defendants, | Civil Action No.: 4:19-cv-00251-ALM-KPJ<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF GUMMARUS LLC'S ANSWER
TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff, Gummarus, LLC ("Gummarus") hereby files its answer to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively "Samsung" or "Defendants") Counterclaims as follows:

**PARTIES**

1. Admitted.

2. Admitted.

3. Admitted.

**JURISDICTION AND VENUE**

4. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Gummarus admits that this paragraph states this is a claim for declaratory judgment of non-infringement and invalidity.

5. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Gummarus admits that it will not contest subject matter jurisdiction for purposes of this action.

6. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Gummarus admits that it will not contest personal jurisdiction for purposes of this action.

7. This paragraph contains legal conclusion to which no response is required. To the extent that a response is required, Gummarus admits that that it will not contest venue for purposes of this action.

## COUNT I
## NON-INFRINGEMENT OF THE '112 PATENT

8. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

9. Denied.

10. Admitted.

11. Denied.

12. Gummarus admits that Samsung seeks a declaration that it neither infringes nor has infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents, any valid claim of the '112 Patent.

13. Denied.

## COUNT II
## INVALIDITY OF THE '112 PATENT

14. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

15. Denied.

16. Admitted.

17. Denied.

18. Gummarus admits that Samsung seeks a declaration that the '112 Patent is invalid or failing to comply with one or more of the requirements set forth in 35 U.S.C. §§ 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. Denied.

## COUNT III
## NON-INFRINGEMENT OF THE '135 PATENT

20. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

21. Denied.

22. Admitted.

23. Denied.

24. Gummarus admits that Samsung seeks a declaration that it neither infringes nor has infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents, any valid claim of the '135 Patent.

25. Denied.

## COUNT IV
## INVALIDITY OF THE '135 PATENT

26. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

27. Denied.

28. Admitted.

29. Denied.

30. Gummarus admits that Samsung seeks a declaration that the '135 Patent is invalid or failing to comply with one or more of the requirements set forth in 35 U.S.C. §§ 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

31. Denied.

## COUNT V
## NON-INFRINGEMENT OF THE '392 PATENT

32. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

33. Denied.

34. Admitted.

35. Denied.

36. Gummarus admits that Samsung seeks a declaration that it neither infringes nor has infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents, any valid claim of the '392 Patent.

37. Denied.

## COUNT VI
## INVALIDITY OF THE '392 PATENT

38. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

39. Denied.

40. Admitted.

41. Denied.

42. Gummarus admits that Samsung seeks a declaration that the '392 Patent is invalid or failing to comply with one or more of the requirements set forth in 35 U.S.C. §§ 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 392.

43. Denied.

## COUNT VII
## NON-INFRINGEMENT OF THE '410 PATENT

44. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

45. Denied.

46. Admitted.

47. Denied.

48. Gummarus admits that Samsung seeks a declaration that it neither infringes nor has infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents, any valid claim of the '410 Patent.

49. Denied.

## COUNT VIII
## INVALIDITY OF THE '410 PATENT

50. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

51. Denied.

52. Admitted.

53. Denied.

54. Gummarus admits that Samsung seeks a declaration that the '410 Patent is invalid or failing to comply with one or more of the requirements set forth in 35 U.S.C. §§ 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

55. Denied.

## COUNT IX
## NON-INFRINGEMENT OF THE '590 PATENT

56. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

57. Denied.

58. Admitted.

59. Denied.

60. Gummarus admits that Samsung seeks a declaration that it neither infringes nor has infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents, any valid claim of the '590 Patent.

61. Denied.

## COUNT X
## INVALIDITY OF THE '590 PATENT

62. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

63. Denied.

64. Admitted.

65. Denied.

66. Gummarus admits that Samsung seeks a declaration that the '590 Patent is invalid or failing to comply with one or more of the requirements set forth in 35 U.S.C. §§ 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

67. Denied.

## COUNT XI
## NON-INFRINGEMENT OF THE '122 PATENT

68. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

69. Denied.

70. Admitted.

71. Denied.

72. Gummarus admits that Samsung seeks a declaration that it neither infringes nor has infringed (whether directly, contributorily, or by inducement) literally or under the doctrine of equivalents, any valid claim of the '122 Patent.

73. Denied.

## COUNT XII
## INVALIDITY OF THE '122 PATENT

74. Gummarus incorporates and re-alleges its responses to Defendants' allegations set out in the foregoing paragraphs, as if fully stated herein.

75. Denied.

76. Admitted.

77. Denied.

78. Gummarus admits that Samsung seeks a declaration that the '122 Patent is invalid or failing to comply with one or more of the requirements set forth in 35 U.S.C. §§ 101 et seq., including one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

79. Denied.

## AFFIRMATIVE DEFENSES

In response Samsung's Counterclaims, Gummarus asserts the following affirmative defenses. Gummarus reserves the right to assert additional affirmative defenses as they become known through discovery. These affirmative defenses are asserted without any concession that Gummarus bears the burden of proof.

## FIRST AFFIRMATIVE DEFENSE

Defendants' Counterclaims fail to state a claim upon which relief may be granted including, but not limited to, failure of Defendants' Counterclaims to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims as to invalidity fail because Defendants fail to identify art that anticipates or renders invalid the asserted claims of the '112, '135, '392, '410, '590, and '122 patents that was in use or publication prior to the conception date of the inventions embodied in the asserted claims.

## THIRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims as to non-infringement fail because Defendant fails to provide any basis that the asserted claims of the '112, '135, '392, '410, '590, and '122 patents are not infringed.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred, in whole or in part, by equitable doctrines, including, but not limited to, waiver and/or acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Defendants are not entitled to a finding that this case is exceptional or to attorneys' fees under 35 U.S.C. § 285, or pursuant to this Court's inherent power.

## RESERVATION OF ADDITIONAL DEFENSES

Gummarus reserves the right to assert any additional defense or claim which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## JURY DEMAND

Gummarus demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Gummarus respectfully requests this Court enter judgment in its favor and against Samsung as follows:

A. A judgment denying Samsung any and all of its requested relief, any other relief, and dismissing Samsung's Counterclaims in their entirety with prejudice;

B. A judgment that for each and every claim of the '112, '135, '392, '410, '590, and '122 patents, Samsung has not proven them invalid or unenforceable;

C. A judgement in favor of Gummarus that Samsung has infringed, induced infringement of, and/or contributorily infringed, literally or under the doctrine of equivalents, one or more claims of the '112, '135, '392, '410, '590, and '122 patents;

D. An award of damages to be paid by Samsung adequate to compensate Gummarus for Samsung's past infringement of the '112, '135, '392, '410, '590, and '122 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses, and an accounting of all infringing acts, including but not limited to, those acts not presented at trial;

E. A judgment that this case is exceptional, and that Gummarus is entitled to recovery of its costs of suit, including reasonable attorney's fees; and

F. Such other further relief in law and equity as the Court may deem just and proper.

Dated:  March 23, 2020

Respectfully submitted,

*/s/ Derek Dahlgren*
Timothy Devlin (DE Bar No. 4241)
Derek Dahlgren (admitted *pro hac vice*)
Cory Edwards (admitted *pro hac vice*)
**Devlin Law Firm LLC**
1526 Gilpin Avenue
Wilmington DE 19806
Telephone: (302) 449-9010
E-mail: tdevlin@devlinlawfirm.com
         ddahlgren@devlinlawfirm.com
         cedwards@devlinlawfirm.com

*Attorneys for Plaintiff Gummarus, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2020, the foregoing PLAINTIFF GUMMARUS LLC'S ANSWER TO DEFENDANTS' COUNTERCLAIMS was served on Defendants' counsel of record via CM/ECF.

Dated: March 23, 2020               Respectfully submitted,

                                                                */s/ Derek Dahlgren*
                                                                Timothy Devlin (DE Bar No. 4241)
                                                                Derek Dahlgren (admitted *pro hac vice*)
                                                                Cory Edwards (admitted *pro hac vice*)
                                                                **Devlin Law Firm LLC**
                                                                1526 Gilpin Avenue
                                                                Wilmington DE 19806
                                                                Telephone: (302) 449-9010
                                                                E-mail: tdevlin@devlinlawfirm.com
                                                                           ddahlgren@devlinlawfirm.com
                                                                           cedwards@devlinlawfirm.com

                                                                *Attorneys for Plaintiff Gummarus, LLC*